IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

RICHARD D. GEORGE,
ADC #142010                                                                PLAINTIFF

2:09CV00041BSM/HLJ

KIRK JOHNSON, et al.                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court
Judge Brian S. Miller.   Any party may serve and file written objections to this
recommendation.  Objections should be specific and should include the factual or legal basis
for the objection.  If the objection is to a factual finding, specifically identify that finding
and the evidence that supports your objection.  An original and one copy of your objections
must be received in the office of the United States District Court Clerk no later than eleven
(11) days from the date of the findings and recommendations.  The copy will be furnished
to the opposing party.   Failure to file timely objections may result in waiver of the right to
appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District
        Judge  (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the defendants' motions to dismiss and for summary judgment (DE ##22, 27, 37, 40). Plaintiff filed responses in opposition to the motions (DE ##29, 46).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this action against defendants in their official capacities only, alleging deliberate indifference to his serious medical needs. Plaintiff asks for injunctive relief against defendants in the form of surgery for his shoulder.

According to his original and amended complaints, plaintiff appeared before the defendant Johnson, a Miller County Judge, in May, 2008, pursuant to state criminal charges filed against him. Plaintiff informed the Judge that he was scheduled for shoulder surgery on May 29, 2008, and defendant Johnson allegedly told plaintiff he would be able to make his scheduled appointment. Plaintiff further alleges that on May 27, 2008, he appeared in court before defendant Johnson, was sentenced to the ADC, and was not able to make it to

his scheduled surgery. After his transfer to the ADC, plaintiff alleges defendant Hughes failed to properly evaluate and treat his shoulder problem. He also states defendant Harmon is responsible because he is the Unit administrator and is responsible for overseeing proper medical care to the inmates. Finally, plaintiff alleges defendant Thomas is the health care administrator who supervises the medical staff at his Unit.

## II. Motions to Dismiss/Summary Judgment[1]

A. Defendants' Motions

In support of their motions for summary judgment, defendants state plaintiffs' complaint against them should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Specifically, defendants state plaintiff did not exhaust a grievance concerning this matter within the ADC grievance procedure, because his appeal was returned to him for failing to include the date it was submitted. According to the affidavit of Charlotte Gardner, the medical grievance investigator, plaintiff did not exhaust any grievance from July 24, 2008 to the present, and his appeal of the grievance filed about his shoulder care was returned to him for failure to include a grievance number, the date it was received by the grievance officer, and a grievance code. DE #22, Ex. B. Defendants also attach a copy of the ADC grievance policy, AD 07-03 IV.G.2, which specifically requires that grievance appeals should include the date of the appeal, "or the appeal may be returned to the inmate as

---

[1] Defendant Hughes' motion to dismiss was filed on October 28, 2009, based on plaintiff's failure to initially respond to the September 8, 2009 summary judgment motion. In light of plaintiff's subsequent responses, the Court finds such motion is now moot.

rejected." DE #22, Ex. A. Defendants include a complete copy of the appeal documents at issue in their response to the Court's November 19, 2009 Order seeking additional information from the parties (DE #34, Ex. A).

Defendants state his complaint should be dismissed for failing to comply with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Defendants cite <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007), which held that in order to properly exhaust administrative remedies pursuant to the PLRA, a prisoner must "complete the administrative process" in accordance with the prison's grievance process.

In addition to the exhaustion defense, defendants Johnson and Harmon state plaintiff's complaint against them should be dismissed because his allegations against them fail to state a constitutional claim for relief. Defendants state plaintiff has provided no objective evidence that his alleged shoulder injury constitutes a serious medical need, and cite <u>Dulaney v. Carnahan</u>, 132 F.2d 1234, 1239 (8th Cir. 1997), where the court established the need of an inmate alleging deliberate indifference to place verifying medical evidence in the record to establish the detrimental effect of any delay in medical treatment. Furthermore, defendants state plaintiff does not allege any actual knowledge of plaintiff's medical condition by defendant Harmon, and has alleged no conduct to support a finding of deliberate indifference against either of these defendants.

B. Plaintiffs' Responses

In his responses, plaintiff states he did exhaust his administrative remedies because he appealed his grievance to the highest level, Deputy Director Kelley. In addition, plaintiff admits he forgot to include the date of his appeal on the form because he was trying to beat the deadline. He states defendant Johnson was aware of his date for surgery, and told plaintiff in court that he would be able to make his scheduled appointment. Finally, plaintiff

states defendants are violating his Eighth Amendment rights by failing to ensure he receives the surgery he needs.

C. Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, according to the PLRA,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that

in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." In addition, in <u>Chelette v. Harris</u>, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" In <u>Johnson v. Jones</u>, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory." Finally, in <u>Jones v. Bock</u>, <u>supra</u>, the Supreme Court held the PLRA does not require that all defendants be specifically named in an administrative grievance, and that an inmate's exhaustion of some, but not all claims, does not warrant dismissal of the entire action.

D. Analysis

Plaintiff failed to exhaust his administrative remedies as required by the ADC grievance procedure and the PLRA. There is no dispute that plaintiff failed to include all relevant information on his appeal as required by the ADC grievance procedure, and that his appeal was returned to him on that basis. Although plaintiff received the initial response to his grievance from Health Services on February 19, 2009, his appeal to the Deputy Director was not stamped received until March 19, 2009. The grievance policy provides that the appeal must be filed within five working days. <u>See</u> DE #22, Ex. A, p. 8. According to the Rejection of Appeal submitted to plaintiff on March 19, 2009, his appeal was returned for failure to attach the Unit Level Grievance Form, and his failure to provide the date of his appeal. The form further provides, "Your failure to follow policy resulted in this appeal being rejected ..." DE #34, Ex. A. Therefore, plaintiff's complaint again

defendants Hughes, Thomas, and Harmon, should be dismissed on this basis.

Since defendant Johnson was not connected with the plaintiff's incarceration at the ADC, the Court finds that the exhaustion defense does not apply to plaintiff's claim against him. However, the Court finds that plaintiff's claim against him should be dismissed. Initially, the Court notes that absolute judicial immunity appears to be applicable in this situation because plaintiff appears to allege that defendant's act of sentencing him on May 27, 2008, somehow prevented him from receiving surgery on May 29, 2008. Judges who are sued under § 1983 are immune from liability for damages for "judicial acts" they perform, as long as they do not act in "absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-7 reh'g denied, 436 U.S. 951 (1978).

Even if such immunity is not applicable in this situation, however, the Court finds plaintiff's allegations against defendant Johnson and the other three defendants fail to support a constitutional claim for relief. In order to support a claim for an Eighth Amendment violation, plaintiff must allege that defendants were deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying

medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim. Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995). Finally, a medical indifference claim must be brought against the individual or individuals directly responsible for the inmate's medical care, Keeper, supra at 1314. A supervisor is not held liable for an employee's actions under § 1983 unless the supervisor "is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

In this particular case, the only person allegedly involved in plaintiff's medical care and treatment was defendant Dr. Hughes. However, plaintiff provides no proof this defendant was deliberately indifferent to his needs, and he provides no proof of a serious medical need. Furthermore, plaintiff provides no verifying medical evidence to support his claim of a detriment to his shoulder. With respect to defendants Harmon and Thomas, plaintiff does not allege that they were even aware of his particular situation, or that they possessed authority to provide the care he claims to need. Finally, with respect to defendant Johnson, plaintiff does not allege that he was responsible for ensuring his surgery and he does not allege that his failure to receive his surgery was caused by any specific deliberate indifference by defendant Johnson. Rather, plaintiff merely alleges that defendant Johnson told him in court that he should be able to make his scheduled appointment. In light of such, the Court finds no dispute of material fact and that defendants are entitled to judgment as a matter of law. Accordingly,

IT IS, THEREFORE, ORDERED that defendants' motions for summary judgment (DE ##22, 37, 40) are GRANTED, and plaintiff's complaint against defendants is DISMISSED.

IT IS SO ORDERED this 14th day of January, 2010.

_____
United States Magistrate Judge